Filed 7/24/26  Hiramanek v. Hiramanek CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ADIL HIRAMANEK,<br><br>　　　Claimant and Appellant,<br><br>v.<br><br>RODA HIRAMANEK,<br><br>　　　Petitioner and Respondent,<br><br>DEBRA LUMLEY, as Administrator, etc.,<br><br>　　　Real Party in Interest and<br>　　　Respondent. | H051060<br>(Santa Clara County<br>Super. Ct. No. 19PR186449) |

This case is part of a series of cases involving Adil Hiramanek and his mother Roda Hiramanek, who died in January 2020, and this appeal resembles an appeal in one of those cases recently resolved in *Hiramanek v. Hiramanek* (May 26, 2026, H050904) [nonpub. opn.], opn. mod. June 2, 2026 (*Roda Hiramanek I*).

In *Roda Hiramanek I*, Roda Hiramanek sued Mr. Hiramanek, his estranged wife Kamal Hiramanek (now Kapadia), and her mother Pervez Kapadia, seeking to rescind a Stipulation and Order Re Reconciliation and Dismissal of Actions filed on July 15, 2008 (2008 Stipulation and Order) on contractual and tort grounds.  (*Roda Hiramanek I, supra,* at pp. 1-2.)  On appeal in that case, Mr. Hiramanek argued that an order dismissing Roda Hiramanek's claims was void because it was issued after her death and therefore the trial

court lacked jurisdiction over her claims. (*Id*. at p. 8.) We agreed that in the absence of the personal representative of Roda Hiramanek's estate the trial court lacked authority over the claims after her death. (*Id*. at pp. 8-9.) However, we concluded that Mr. Hiramanek was not prejudiced by dismissal of the claims because the dismissal order was voidable, not void, due to the trial court's lack of authority, and the personal representative of her estate, who was appointed in January 2021, had not chosen to continue her claims in that case. (*Id*. at pp. 9-10.)

In this case, which was filed in July 2019 less than six months before her death, Roda Hiramanek also sued her son, his estranged wife, and his wife's mother seeking to rescind the 2008 Stipulation and Order. This time Roda Hiramanek petitioned the probate court, claiming, among other things, that the Stipulation and Order contained a donative transfer invalid under former Probate Code section 21350. In April 2020, uninformed of Roda Hiramanek's death, the probate court denied the petition. Mr. Hiramanek now appeals on behalf of himself and his deceased mother, once again arguing that the lower court's order dismissing his mother's claims was void because it was issued after her death.

We reject this appeal for the same reason that we rejected the appeal in *Roda Hiramanek I*. Here again, we agree that after Roda Hiramanek's death the trial court lacked jurisdiction to act on her claims in the absence of the personal representative of her estate. However, we conclude that Mr. Hiramanek has not been prejudiced because the probate court's authority rendered the denial of the petition voidable rather than void and Roda Hiramanek's claims were not continued after her death. Indeed, in this case, even though he claims to have been the personal representative of his mother's estate in 2020, Mr. Hiramanek did not move to continue his mother's claims, attempt to substitute in for his mother, or even inform the trial court of his mother's death.

We therefore affirm denial of the petition.

## I. BACKGROUND

Like *Roda Hiramanek I*, this case concerns the 2008 Stipulation and Order, which arose in part out of divorce proceedings between Mr. Hiramanek and Kamal Kapadia. In the 2008 Stipulation and Order, in exchange for Kamal Kapadia dismissing suits against Mr. Hiramanek and his mother Roda Hiramanek, Mr. Hiramanek, his mother, Kamal Kapadia, and her mother Perviz Kapadia agreed to waive claims against each other and to transfer ownership of the family residence from Roda Hiramanek to Mr. Hiramanek and Kamal Kapadia as tenants in common, with Mr. Hiramanek owning 71 percent of the property. Mr. Hiramanek also promised to make payments of $20,000 and $562,885.34 to Kamal Kapadia and to give her ownership of a minivan. In addition, the 2008 Stipulation and Agreement contained provisions relating to the children of Mr. Hiramanek and Kamal Kapadia. The agreement was signed by the parties as well as the attorneys for Kamal Kapadia and Perviz Kapadia.

In July 2019, acting pro per, Roda Hiramanek filed a petition in probate court against Mr. Hiramanek and the Kapadias. The petition claimed that the real property transferred in the 2008 Stipulation and Order, which she had owned, was transferred for no consideration, or at least no meaningful consideration, and therefore was an invalid donative transfer under former Probate Code section 21350. (See *Jenkins v. Teegarden* (2014) 230 Cal.App.4th 1128, 1137-1138 [holding that former Probate Code section 21305 governs transactions before January 2011].) The petition also alleged that the $20,000 and $562,885.34 payments made by Mr. Hiramanek to Kamal Kapadia under the 2008 Stipulation and Order were taken from Roda Hiramanek's accounts without authorization. Finally, the petition asserted a claim under the Mello-Granlund Older Californians Act (Welf. & Inst. Code, §§ 9000-9757.5) as well as a claim for elder abuse, and it sought a constructive trust, preliminary injunction, and both exemplary and punitive damages.

In support of these claims, the petition alleged that Roda Hiramanek did not speak English, was "cognitively impaired," and was unable to provide for her personal needs or protect her rights. The petition further alleged that Mr. Hiramanek was involved in wrongdoing against her. For example, the petition alleged that Mr. Hiramanek misused his authority as Roda Hiramanek's care custodian to transfer $562,885.34 from one of her accounts to pay Kamal Kapadia and took $20,000 from another of her accounts to pay Perviz Kapadia. The petition also alleged that no one explained the 2008 Stipulation and Order to Roda Hiramanek.

Mr. Hiramanek answered the petition, admitting many of the allegations and conceding that the 2008 Stipulation and Order should be invalidated. However, the petition was served by mail rather than summons and personal service, and the Kapadias did not respond to it.

On February 6, 2020, based on a notice of hearing from Roda Hiramanek, the probate court held a hearing on the petition. Only Mr. Hiramanek appeared, and he asked the court to rule on the papers. Two months later, the court issued an order denying the petition. After noting that at least some of the causes of action in the petition appeared to require summons and personal service, the probate court observed that the petition's allegations concerning Roda Hiramanek's cognitive impairment and dependence on others "call[] into question the Petitioner's personal agency in the filing of the Petition." However, the court did not resolve either issue because it found the petition defective on other grounds.

Specifically, the probate court ruled that the donative transfer claim failed because the terms of the 2008 Stipulation and Order concerning Roda Hiramanek's property "do not constitute a donative transfer as contemplated in the Probate Code." Additionally, the court ruled that, even if the 2008 Stipulation and Order constituted a donative transfer, the transfer fell within a statutory exclusion in former Probate Code section 21351 for transfers to individuals related to the transferor by blood or marriage.

4

The probate court also rejected the petition's remaining claims. It held that Mello-Granlund Older Californians Act claim failed because the petition merely restated several code sections without asserting any actionable claim besides elder abuse. In addition, the court continued, the elder abuse claim was time barred because the petition did not allege a date of discovery later than the date of the 2008 Stipulation and Order. Finally, the court ruled that constructive trusts, preliminary injunctions, and punitive and exemplary damages are remedies, each of which requires a viable underlying cause of action. After Mr. Hiramanek moved to correct the order, the trial court amended it to correct one fact and several apparent typographical errors.

On May 22, 2020, after the motion to correct was filed but before the amended order issued, Mr. Hiramanek filed a timely notice of appeal.

## II. DISCUSSION

Neither Kamal Kapadia nor Pervez Kapadia has filed a brief in this court, and Debra Lumley, who was appointed to be the personal representative of Roda Hiramanek's estate in November 2021, has not done so either. As consequence, we decide this appeal based on Mr. Hiramanek's opening brief and Mr. Hiramanek's response to a request from the court for supplemental briefing. (Cal. Rules of Court, rule 8.220(a); see also *In re Bryce C*. (1995) 12 Cal.4th 226, 233 [noting that, even absent briefing from respondents, reversal on appeal is warranted only "if prejudicial error is found"].) However, before addressing Mr. Hiramanek's arguments, we address two preliminary issues: appellate jurisdiction and judicial notice.

### A. Appellate Jurisdiction

This appeal was noticed in May 2020, more than a year before Lumley was appointed as the personal representative of Roda Hiramanek's estate. In October 2023, Lumley informed the court that this appeal was commenced without her knowledge or authorization and that she had not decided whether to seek to continue Roda Hiramanek's claims in this case. Mr. Hiramanek in turn contends that he filed this appeal on behalf of

5

Roda Hiramanek as the personal representative of her estate and also appealed on his own behalf. As explained below, we reject Mr. Hiramanek's assertion that he filed this appeal as the personal representative of Roda Hiramanek's estate but conclude that Mr. Hiramanek properly appealed on his own behalf.

Mr. Hiramanek has represented to this court that in May 2020, when the notice of appeal was filed, he "acted as the personal representative" of his deceased mother Roda Hiramanek. However, Mr. Hiramanek acknowledges that as of that date "no court had issued an order designating any person, including appellant, as deceased's personal representative." Moreover, Mr. Hiramanek did not file a motion to substitute in for his mother or otherwise seek authorization to act on behalf of her estate. Indeed, even though a hearing on Roda Hiramanek's petition was held in February 2020, there is no evidence in the record that Mr. Hiramanek ever informed the probate court in this case that his mother passed away the month before. In addition, Mr. Hiramanek fails to explain how he could have been acting as the personal representative of his mother's estate without filing any motion in the probate court or even informing the court of her death. Accordingly, we conclude that Mr. Hiramanek has failed to show that he filed the notice of appeal in this case as the personal representative of his mother's estate. (See *In re Phoenix H.* (2009) 47 Cal.4th 835, 845 [" ' "Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." ' "]; *People v. Williams* (1997) 16 Cal.4th 153. 206 ["Points 'perfunctorily asserted without argument in support' are not properly raised."].)

Mr. Hiramanek also contends that he filed the notice of appeal on his own behalf. It is odd that Mr. Hiramanek seeks reinstatement of a petition accusing him of abusing authority over his mother and misappropriating funds from her. However, his answer admitted most of the allegations in the petition and conceded much of the relief sought in the petition. Moreover, the petition sought to rescind the property transfers in the 2008 Stipulation and Order, and as a potential heir to his mother's estate Mr. Hiramanek may

6

recover that property. Accordingly, we conclude that Mr. Hiramanek is sufficiently interested in the relief sought by Roda Hiramanek's petition to make him an aggrieved party and provide standing to appeal the denial of the petition. (See *In re C.P.* (2023) 91 Cal.App.5th 145, 153 ["We are required to 'liberally construe the issue of standing and resolve doubts in favor of the right to appeal . . . .' "].)

## B. Judicial Notice

Mr. Hiramanek has filed two motions to augment the record with exhibits, which have been deemed requests for judicial notice. One exhibit is a file-stamped copy of a petition to administer Roda Hiramanek's estate which avers that the date of her death was January 16, 2020. Another exhibit is a file-stamped copy of the November 17, 2021 order appointing Debra Lumley as the personal representative of the estate of Roda Hiramanek. Because these documents are from court records and are material to the appeal, we take judicial notice of them. (See, e.g., *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1; see also Evid. Code, § 452, subd. (d).) However, we decline to take judicial notice of the copies of the former Probate Code sections submitted by Mr. Hiramanek because it is not necessary to take judicial notice of such published material. (See, e.g., *Quelimane Co. v. Stewart Title Guaranty Co*. (1998) 19 Cal.4th 26, 45, fn. 9.) We also decline to take judicial notice of the remaining exhibits submitted by Mr. Hiramanek because they are not relevant to the issues addressed in this opinion. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4.) For the same reason, we decline as well to take judicial notice of the documents attached to Mr. Hiramanek's response to our request for supplemental briefing or his motion for a stay. Similarly, we decline the request for judicial notice filed by Mr. Hiramanek after oral argument.

Finally, on our own motion, we take judicial notice that the appointment of Debra Lumley as personal representative of Roda Hiramanek's estate was affirmed in appeal No. H049980. (See *Hiramanek v. Estate of Roda Hiramanek* (Aug. 27, 2024, H049880) [nonpub. opn.].)

7

## C. The Merits

We now turn to the merits of this appeal. In *Roda Hiramanek I*, we held that the trial court acted in excess of its jurisdiction in dismissing the claims brought by Roda Hiramanek in that case because it did so after her death in the absence of the personal representative of her estate. (*Roda Hiramanek I*, *supra*, at pp. 8-9.) Nonetheless, we affirmed dismissal of the claims because the trial court's lack of authority rendered its dismissal order voidable, not void, and Mr. Hiramanek was not prejudiced by the dismissal because the personal representative of Roda Hiramanek's estate had not chosen to continue the claims at issue. (*Id*. at pp. 9-11.) After the *Roda Hiramanek I* opinion was issued, the court asked Mr. Hiramanek for supplemental briefing addressing whether Roda Hiramanek's claims in this case had been continued by her estate's personal representative and, if not, whether Mr. Hiramanek was prejudiced by denial of Roda Hiramanek's petition. Mr. Hiramanek's response implicitly acknowledges that Lumley, the appointed personal representative of Roda Hiramanek's estate, did not continue the claims brought in this case. In addition, as explained below, Mr. Hiramanek failed to demonstrate how, in spite of the personal representative's failure to continue the claims in this case, he was prejudiced by the denial of those claims.

As Mr. Hiramanek acknowledges, after a litigant's death, the decedent's claims cannot proceed unless and until someone is substituted for the decedent. As the Supreme Court has stated, "judgment cannot be rendered for or against a decedent, nor for or against a personal representative of a decedent's estate, until the representative has been made a party by substitution." (*Sacks v. FSR Brokerage, Inc*. (1992) 7 Cal.App.4th 950, 957 (*Sacks*).) Consequently, when a defendant has died, "the court could, on motion, allow the action to be continued against his representative [citation], but it could regularly take no action in the case until there was a substitution of someone to defend the action . . . ." (*DeLeonis v. Walsh* (1903) 140 Cal. 175, 179.) Moreover, this principle applies to deceased plaintiffs and other claimants as well as to deceased defendants.

8

(*Collison v. Thomas* (1961) 55 Cal.2d 490, 495 (*Collison*); *Edwards v. California* (1978) 82 Cal.App.3d 885, 893; *Boyd v. Lancaster* (1939) 32 Cal.App.2d 574, 581; *Scoville v. Keglor* (1938) 27 Cal.App.2d 17, 28.) Consequently, after Roda Hiramanek's death, the probate court lacked authority to dismiss or take any other action concerning the claims brought by her unless someone substituted into the case in her place.

Mr. Hiramanek contends that, because the probate court lacked authority to proceed with Roda Hiramanek's claims in the absence of her estate's personal representative, any action taken by the court concerning those claims in this case was void. That is not correct. The Supreme Court has held that " 'the death of a party pending suit does not oust the jurisdiction of the court, and hence the judgment is voidable only, not void.' " (*Collison*, *supra*, 55 Cal.2d at p. 496.) Consequently, when a party dies and no personal representative has appeared on behalf of the party's estate, actions taken concerning the decedent provide no ground for reversal "in the absence of prejudice." (*Ibid*; see also *Smith v. Bear Valley Milling & Lumber Co*. (1945) 26 Cal.2d 590, 602 [declining to reverse dismissal of action against decedent taken in the absence of the decedent's personal representative because "no prejudice has resulted"]; *Sacks*, *supra*, 7 Cal.App.4th at p. 959 ["Since we find that no party has suffered prejudice by reason of Gaither's untimely death, we need not reverse the judgment in favor of Gaither."].)

Mr. Hiramanek has not shown prejudice. Although he has been unable to invalidate the Stipulation and Order, Mr. Hiramanek has not shown that Roda Hiramanek's claims would have proceeded absent the order denying the petition. It is true that "a cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period" (Code Civ. Proc., § 377.20, subd. (a)), and "[a] pending action or proceeding does not abate by the death of a party if the cause of action survives" (*id.,* § 377.21). However, a cause of action does not continue automatically after a party's death. Instead, "[o]n motion after the death of a

9

person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest." (*Id*., § 377.31.) No such motion was filed in this case. The personal representative of Roda Hiramanek's estate was not appointed until November 2021, more than a year after the dismissal of the petition in this case, and on appeal the personal representative informed the court that she had not sought to continue the claims in this case.

Mr. Hiramanek asserts that in 2020, before the appointment of Lumley as personal representative of his mother's estate, he "acted as the personal representative" of his deceased mother. However, as noted above, Mr. Hiramanek did not move to continue the claims brought by his mother or to substitute in for her. Indeed, at the hearing following his mother's death, he did not even inform the probate court of her death. Accordingly, the trial court was unaware of Roda Hiramanek's death, as evidenced by the facts that it noted her absence, without mentioning her death, in its April 2020 order, and then attempted to serve the order on her. Having failed to move to continue his mother's claims after her death or even to inform the trial court of the death, Mr. Hiramanek cannot now claim that he was silently acting as the personal representative of her estate.

We therefore conclude that the trial court acted in excess of jurisdiction in dismissing the claims brought by Roda Hiramanek after her death in the absence of personal representative of her estate, but that Mr. Hiramanek was not prejudiced because neither he nor the personal representative moved to continue those claims. Although Mr. Hiramanek contends that the personal representative failed to fulfill her duties, we decline to address that issue in the first instance on appeal, especially as the personal representative has not appeared and is unable to defend herself. (See, e.g., *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548 [" ' "As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal . . . ." ' "].) In addition, because we conclude that the claims brought by Roda

Hiramanek were not continued, we need not address Mr. Hiramanek's arguments concerning the merits of the trial court's order or consider the preclusive effect of our decision in *Roda Hiramanek I*. Finally, because Mr. Hiramanek has not shown that proceedings in the other pending cases will affect the issues dispositive of this appeal, we deny his request for a stay.

### III. CONCLUSION

The denial of the petition is affirmed. Because no respondents' briefs were filed, no costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)

 

_____
BROMBERG, J.

WE CONCUR:

_____
GROVER, ACTING P. J.

_____
WILSON, J.

*Hiramanek v. Hiramanek*
H051060